## STATE v. RICHMOND, et al.

No. 4875.

Circuit Court, Dade County, Criminal Appeal.

April 5, 1960.

John D. Marsh and Michael F. Zarowny, both of Miami, for appellants.

Richard E. Gerstein, State Attorney, Roy S. Wood, Ass't. State Attorney, for appellee.

J. FRITZ GORDON, Circuit Judge.

This is an appeal from a judgment and sentence of the criminal court of record, Dade County, wherein the appellants were found by the court, without a jury, to be guilty of the offense of bookmaking, and each sentenced to ninety days in the county jail.

An information was filed charging the appellants with bookmaking in the first count and gambling in the second count.

The first count charged that the defendants did "unlawfully take or receive money that was bet or wagered from a person or persons whose name or names are to the state attorney unknown, upon the result of a trial or contest of skill, speed, power or endurance of beast, to-wit: horse races running at Monmouth Park and Balmoral race tracks. . ."

The second count, charging the defendants with being stake-holders of money wagered on horse races, was nolle prossed.

The matter came on before trial and the defendants below filed their motion to quash, challenging the first count of the information upon the grounds that it failed to allege the name of any person making the alleged bet, the names of contesting horses, or the date of the alleged contest.

A motion for a bill of particulars was filed. Both the motion to quash and the motion for a bill of particulars were denied by the court.

The sole witness for the state, Ed McCollum, special investigator of the attorney general's office, state beverage department, testified that he saw the defendants in the lobby of the Pan American Hotel in Miami. The officer saw the defendant, whom he described as a known bookmaker, hand to another known bookmaker a slip of paper with some money. No testimony was presented by the arresting officer that he knew what was on the slip of paper, if anything, nor did he know the purpose for which the money was handed from one party to the other. The officer, upon seeing the paper and the money being handed over, said, "I'll take that", and did take the money and the slip of paper from one of the defendants, and after taking the paper and the money, he placed the appellants under arrest. The officer testified that he did not know from whom the appellants had received the slip of paper, nor did he see them receive it. There was no evidence of any horse races being run, or which had run, from either the Monmouth Park or the Balmoral race tracks.

The appellants, through their counsel, made a proper motion to suppress the evidence acquired by the arresting officer. The motion to suppress was denied by the able trial judge, and the slip of paper was admitted in evidence.

No money was introduced into evidence and upon the above testimony, the defendants were found guilty as charged under the first count of unlawfully taking or receiving money that was bet or wagered from persons unknown, upon the result of a trial or contest of skill . . . being run at Monmouth Park and Balmoral race tracks.

It is obvious that at the time that the officer placed the appellants under arrest, he had already seized the matters introduced into evidence, to-wit: the slip of paper. At that time, the officer did not know the purposes for which the paper and the money were to be used and, therefore, without a lawful warrant for a misdemeanor which may or may not have been committed in the presence of the officer, his search and seizure of the evidence presented before the trial court was improper and therefore should not have been permitted by the able trial judge.

No search or seizure is permissible under the law without a proper warrant duly issued, except as a reasonable search and seizure may be allowed by law as an incident to a lawful arrest. An illegal search cannot be made legal by the fruit it produces. Therefore, even assuming that the matters presented in evidence were actual betting slips, the fact that at the time that the officer observed the transfer of the slips of paper and money, it was a mere suspicion in his mind that something illegal was occurring, without further evidence on his part, the seizure and search of the appellants prior to their being arrested was unlawful, and their arrest thereby was unlawful, and the fruits derived from the illegal seizure and search made by the arresting officer cannot be permitted to stand.

It has frequently been held that no search of the person or seizure of any article found thereon can be made on a mere suspicion that the person searched is violating the law, or without a search warrant, unless or until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a search warrant, as authorized by law. See 47 Am. Jur., Searches and seizures, sec. 53.

Based upon the foregoing findings of fact and opinions of law, it is, upon due consideration, ordered and adjudged that the judgment and conviction of both appellants is reversed.